JS-6
(Admin-Stay)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-8022-KK-RAOx | Date: | May 31, 2024 |
|---|---|---|---|

Title: *Molly Tracy, et al. v. John H. Morris, et al.*

Present: The Honorable **KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE**

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order GRANTING Nominal Defendant Tramor Properties, Inc.'s Motion to Stay Case Pending Evaluation by Special Litigation Committee [Dkt. 53]**

## I.
## INTRODUCTION

On September 25, 2023, plaintiff Molly Tracy ("Plaintiff") filed a Verified Shareholder Derivative Complaint and Shareholder Direct Claim against defendant John H. Morris ("Morris") and nominal defendant Tramor Properties, Inc. (collectively, "Defendants") alleging defendant Morris, president of Tramor Properties, Inc. ("TPI"), a "real estate management and investment company," breached his fiduciary duties to Plaintiff and other shareholders by diverting corporate assets and self-dealing. ECF Docket No. ("Dkt.") 1. On April 25, 2024, nominal defendant TPI filed the instant Motion to Stay Action Pending Evaluation by Special Litigation Committee of Shareholder Derivative Claims ("Motion to Stay"). Dkt. 53.

The Court finds this motion appropriate for resolution without oral argument. See FED. R. CIV. P. 78(b); L.R. 7-15. For the reasons set forth below, nominal defendant TPI's Motion to Stay is **GRANTED**.

## II.
## PROCEDURAL HISTORY

On September 25, 2023, Plaintiff filed a Verified Shareholder Derivative Complaint and Shareholder Direct Claim against Defendants alleging verified shareholder derivative claims of (1) breach of fiduciary duty; (2) money had and received; (3) unjust enrichment; (4) conversion;

(5) concealment; (6) accounting and restitution; and a shareholder direct claim for (7) breach of fiduciary duty.  Dkt. 1.

On November 10, 2023, defendant Morris filed a Motion to Dismiss ("Motion") or alternatively, a Motion to Stay.  Dkt. 23.

On February 26, 2024, the Court dismissed all seven causes of action with leave to amend for failure to state a claim.[1]  Dkt. 40.

On March 11, 2024, Plaintiff filed a First Amended Complaint raising the same claims.  Dkt. 41.

On March 25, 2024, defendant Morris filed a Motion to Dismiss Plaintiff's First Amended Complaint.  Dkt. 43.

On April 23, 2024, the Court denied in part and granted in part defendant Morris' Motion to Dismiss Plaintiff's First Amended Complaint.  Dkt. 52.  With respect to Causes of Action One through Six, the Court found Plaintiff had sufficiently alleged demand futility on a director by director basis and, thus, satisfied the requirements under Federal Rule of Civil Procedure Rule 23.1 to bring a shareholder derivative suit.  Id. at 5-9.  With respect to Cause of Action Seven, the Court dismissed Plaintiff's direct claim for breach of fiduciary duty without leave to amend on the ground that Plaintiff failed to allege her injury is separate and distinct from the injury to the value of TPI.  Id. at 9-10.

On April 25, 2024, nominal defendant TPI filed the instant Motion to Stay.  Dkt. 53.  Nominal defendant TPI asserts a seven-month stay of proceedings is warranted to "allow a special litigation committee reasonable time to conduct an investigation into the merits, benefits, and detriments of the claims" in the instant action.  Id. at 2.

On May 1, 2024, defendant Morris filed a Notice of Joinder in the Motion to Stay.  Dkt. 57.

On May 9, 2024, Plaintiff filed an Opposition to the Motion to Stay.  Dkt. 60.  Plaintiff argues a seven-month stay of proceedings is not warranted because, among other reasons, nominal defendant TPI has failed to justify why a stay is necessary while the Special Litigation Committee investigates the shareholder derivative claims.  Id.

On May 16, 2024, nominal defendant TPI filed a Reply in support of the Motion to Stay.  Dkt. 62.

The matter thus stands submitted.

///

---

[1] The Court denied defendant Morris' motion to stay the instant action pending resolution of the Texas action because "the Texas action has no bearing on the resolution in the instant action."  Dkt. 40 at 8-9.

# III.
# LEGAL STANDARD

Under California law,[2] a board of directors has the power to delegate its authority to "a committee of disinterested directors" – referred to as a special litigation committee ("SLC") – to determine whether a shareholder derivative suit is in the best interests of the corporation. Finley v. Superior Ct., 80 Cal. App. 4th 1152, 1163 (Cal. Ct. App. 2000). This holds true "even if a majority of the directors [are] charged with wrongdoing in the proposed or pending action[.]" Country Nat'l Bank v. Mayer, 788 F. Supp. 1136, 1145 n.19 (E.D. Cal. 1992) (citing Will v. Engebretson & Co., 213 Cal. App. 3d 1033, 1040-41 (Cal. Ct. App. 1989)). A special litigation committee "may be created before or after a derivative suit has been filed." Johnson v. Hui, 752 F. Supp. 909, 914 (N.D. Cal. 1990). If the SLC "conducts an adequate investigation of the derivative claims and concludes that it is not in the best interests of the corporation to pursue the claims, then the trial court must dismiss the action." Cotton v Expo Power Sys., Inc., 170 Cal. App. 4th 1371, 1381 n.5 (Cal. Ct. App. 2009).

"A district court has discretionary power to stay proceedings in its own court[.]" Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005); see also Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In the context of shareholder derivative actions, courts "routinely grant stays of six to ten months in order to provide [] SLCs with reasonable time to carry out [their] investigation[s]." Rosenbloom v. Pyott, No. SACV-101352-DOC-MLGx, 2014 WL 10988342, at *2 (C.D. Cal. Dec. 8, 2014) (collecting cases). Stays are denied only under "unusual circumstances," such as when a corporation "unduly delayed in establishing an SLC until after significant motions practice and discovery had occurred[,] or if the SLC members themselves are biased." Id.

# IV.
# DISCUSSION

The Court finds staying the instant action pending evaluation by the Special Litigation Committee is warranted because there is no undue delay or unusual circumstance present to justify the denial of a stay. First, on April 23, 2024, the Court issued an Order finding Plaintiff's derivative shareholder claims were sufficiently pled. Dkt. 52 at 5-9. Two days later, nominal defendant TPI filed the instant Motion to Stay, requesting a SLC evaluate the merits of the derivative shareholder claims. See dkt. 53. Thus, there has been no undue delay in seeking the instant stay. Second, the only motions which have been filed are two motions to dismiss and a discovery motion. Therefore, significant motion practice or discovery has not yet occurred. See Rosenbloom, 2014 WL 10988342 at *2. Third, because the members of the SLC have not yet been identified, there is no basis for the Court to find bias. Finally, granting a stay would preserve judicial resources in the event the SLC conducts an adequate investigation of the derivative claims and concludes it is not in the best interests of the corporation to pursue the claims, requiring dismissal of this action. See Cotton, 170 Cal. App. 4th at 1381 n.5.

---

[2] Generally, the law of a corporation's state of incorporation governs the liabilities of its officers or directors to the corporation and its shareholders. Shaffer v. Heitner, 433 U.S. 186, 215 n.44 (1977). Here, nominal defendant TPI is incorporated in California. See dkt. 41 ¶ 6. Hence, California law applies.

Additionally, Plaintiff's arguments in opposition to the Motion to Stay are without merit. First, Plaintiff relies on In re MRV Commc'ns Derivative Litig., No. CV 08-3800-GAF-RCx, 2011 WL 6608642 (C.D. Cal. Dec. 22, 2011), in support of its argument that nominal defendant TPI has failed to justify why a stay is necessary. See dkt. 60 at 12-14. However, there, the court found the equities weighed in favor of denying a stay where the request for a stay was filed over three years after the initiation of the action. In re MRV Commc'ns Derivative Litig., 2011 WL 6608642, at *4. By contrast, here the instant Motion to Stay was filed just seven months after the initiation of this action. See dkts. 1, 53. Second, Plaintiff argues a SLC "should be appointed prior to bringing a motion to stay," must consist of two or more directors, and must be selected by a neutral body such as JAMS or the American Arbitration Association. See dkt. 60 at 11, 15. However, Plaintiff fails to cite – and the Court has not identified – any case law to support such proposition. Moreover, to the extent Plaintiff argues the SLC will not be disinterested, independent, or impartial, the Court notes such arguments are better reserved for after the SLC has issued its report. See, e.g., In re InfoUSA, Inc. S'holders Litig., No. CIV.A. 1956-CC, 2008 WL 762482, at *2 (Del. Ch. Mar. 17, 2008) (granting nominal defendant's motion to stay, finding "plaintiffs' challenge to the independence of the SLC . . . not appropriately considered" because "judicial economy is served by permitting the independence issue to be addressed after the committee has issued its report, because the court may then consider questions of committee independence at the same time it examines the reasonableness of the bases for the committee's conclusion") (internal brackets omitted). Lastly, Plaintiff asks the Court to make a determination regarding attorney's fees. Dkt. 60 at 21. However, Plaintiff concedes "there is no pending request for attorney's fees[,]" id., and as such, the Court finds such a request inappropriate at this stage. Hence, Plaintiff's arguments are unpersuasive, and staying the instant action is warranted.

Accordingly, nominal defendant TPI's Motion to Stay is **GRANTED**.

## V.
## CONCLUSION

For the reasons set forth above, nominal defendant TPI's Motion to Stay is **GRANTED** as follows:

1. The instant action is stayed for seven months from the date of this Order, in its entirety, pending the start and completion of the Special Litigation Committee's investigation.

2. The parties shall file a status report within 30 days of this Order, indicating a Special Litigation Committee has been formed, and every 90 days thereafter, providing information and updates on the status of the investigation.

3. Within 7 days of the Special Litigation Committee issuing its report, or within 7 days of the termination of the stay, whichever comes first, the parties shall notify the Court of the Special Litigation Committee's report. The Court is not inclined to grant any extensions regarding the start and completion of the investigation.

///

///

  The parties are expressly warned that failure to timely file status reports or notify the Court of the Special Litigation Committee's report may result in sanctions.

  **IT IS SO ORDERED.  IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this action.  (JS-6)